United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES LOGAN DIEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00269 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE -CID, *et al.*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MOTION TO CONSOLIDATE CASES

Plaintiff James Logan Diez has filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. He is currently confined at the McConnell Unit in Beeville, Texas. Plaintiff has filed a Motion for Class Certification and Motion to Consolidate Cases. (D.E. 23).

## I. BACKGROUND

Plaintiff sues the following defendants in their individual and official capacities: McConnell Unit Mailroom Supervisor Ms. Salles, McConnell Unit Unknown Mailroom Staff, Texas Prison Board, the Director of Mail Services Coordinator Panel for TDCJ, and the Executive Director of TDCJ. (D.E.s 1 & 16). Plaintiff challenges a new TDCJ mail policy that requires non-legal mail to be sent to a third-party vendor in Dallas, Texas to be scanned and later uploaded to his prisoner electronic tablet. (D.E. 1 p.4; D.E. 1-1 pp. 1-17).

Liberally construed, Plaintiff believes the new mail policy has violated his First, Fourth, and Fourteenth Amendment rights, and his rights under the *Ex Post Facto* Clause. (D.E. 16 pp. 10-14).  Plaintiff seeks injunctive relief, reimbursement of his court costs, punitive damages of $10,000 per official responsible, $1,000 damages for each letter destroyed from each official responsible, and a declaratory judgment.  (D.E. 16 pp.14-15).

On today's date, the undersigned issued a Memorandum and Recommendation ("M&R") recommending that the District Court:

- **DISMISS without prejudice** Plaintiff's claims against the Texas Department of Criminal Justice ("TDCJ") as barred by the Eleventh Amendment;

- **DISMISS without prejudice** Plaintiff's claims against the McConnell Unit Mailroom Supervisor Ms. Salles, McConnell Unit Unknown Mailroom Staff, Texas Prison Board, the Director of Mail Services Coordinator Panel for TDCJ, and the Executive Director of TDCJ in their official capacities for money damages as barred by the Eleventh Amendment;

- **RETAIN** Plaintiff's First Amendment free speech claim and Fourteenth Amendment procedural due process claim against Texas Department of Criminal Justice Institutional Division (TCDJ-CID) Executive Director in his official capacity for injunctive relief; and

- **DISMISS with prejudice** Plaintiff's remaining claims as frivolous and/or for failure to state a claim for relief.

## II. DISCUSSION AND RECOMMENDATION

Plaintiff seeks to represent thousands of other inmates presently confined in TDCJ who are subject to TDCJ's new mail scan policy. Plaintiff estimates there are approximately one-hundred and twenty thousand (120,000) current inmates. (D.E. 23 p. 2).

Requests for class certification by a prisoner acting *pro se* are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4) (one of the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class"); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding *pro se* because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees").

The Fifth Circuit has recognized that "[t]he adequacy requirement mandates an inquiry into [1] the zeal and competence of the representative's counsel and ... [2] the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees[.]" *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Further, "it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *Id*. at 482-83. The class representative must possess a sufficient level of knowledge and understanding to be capable of "controlling" or "prosecuting" the litigation. *Id*. (citation omitted).

Courts have consistently recognized that a *pro se* prisoner is not adequate to

represent the interests of his fellow inmates in a class action. *See Caputo v. Fauver*, 800 F. Supp. 168, 169-170 (D.N.J. 1992) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983) (additional citations omitted)); *see also McGrew*, 47 F.3d at 162. As one judge observed:

> Because a lay person ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts usually will not certify a class represented by a *pro se* litigant. Ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others.

*James v. Corr. Corp. of Am.*, 2011 WL 6965799, n.1 (W.D. La. Dec. 7, 2011), *recommendation adopted*, 2012 WL 45410 (W.D. La. Jan. 9, 2012) (citations omitted) ("Ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others.").

No evidence has been presented to show that Plaintiff would be an adequate representative. First and most importantly, he is a *pro se* litigant. Further, although he is appropriately pursuing his own claims in federal court, there is no indication that this means he would be a zealous, competent, and willing representative of any or all of the purported classes. Accordingly, the undersigned finds that Plaintiff does not meet his burden of demonstrating adequacy of representation, an essential prerequisite for class certification.

Plaintiff further asks the Court to consolidate this action with other actions raising the same claims challenging TDCJ's new digital mail policy. (D.E. 23 pp. 1, 3-4). Plaintiff

has identified no other active cases in which this issue has been raised or otherwise demonstrate that consolidation into this action would be proper at this time.

Because Plaintiff fails to show that he can properly serve as a representative party in a class action purportedly consisting of thousands of inmates from different locations across the State of Texas or that consolidation with any other similar action is proper at this time, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Class Certification and Motion to Consolidate Cases (D.E. 23) be **DENIED**.

Respectfully submitted on March 25, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

# NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).