Case 2:23-cv-00269   Document 35   Filed on 05/03/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00269 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE -CID, *et al.*, | § § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART AND REJECTING IN PART**
**MEMORANDA AND RECOMMENDATIONS**

Pending before the Court are two memoranda and recommendations issued by United States Magistrate Judge Julie K. Hampton on March 25, 2024:

1. "Memorandum and Recommendation to Retain Case and Dismiss Certain Claims" (Screening M&R, D.E. 27), screening Plaintiff's complaint (D.E. 1, 16) under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A; and

2. "Memorandum and Recommendation to Deny Plaintiff's Motion for Class Certification and Motion to Consolidate Cases" (Motion M&R 2, D.E. 29), recommending that the motion (D.E. 23) be denied.

Plaintiff was given proper notice of each and timely filed his objections (D.E. 31) on April 3, 2024, addressing only the Screening M&R. The Court considers each objection in turn.

First, Plaintiff objects that the Screening M&R imposes vagueness or misconstrues his pleading by stating that he has sued certain personnel associated with the Texas Department of Criminal Justice (TDCJ). D.E. 31 pp. 1-2. He maintains that the individuals addressed in the Screening M&R are not responsible for TDCJ policy, but only are required to implement it. Yet,

it is the Magistrate Judge's job to construe pro se pleadings liberally so that all potential claims and parties may be adjudicated. Whether Plaintiff intended to sue the individuals that the Court considered is a moot point because the Screening M&R's analysis would not require a different result if the Court ignored the individuals analyzed. The objection is **OVERRULED** as moot.

Second, Plaintiff objects to the recitation that he is proceeding *in forma pauperis* because he has paid the filing fee in full. D.E.31, p. 2. The record reflects that Plaintiff's initial cashier's check was returned to him because it was made out for the wrong amount. Thereafter, Plaintiff did pay the filing fee. His objection is **SUSTAINED**. However, it does not require a different result.

Third, Plaintiff objects that the Screening M&R analyzes his pleadings as raising a claim against the individual Defendants for denial of access to courts. D.E. 31, p. 2. He again complains that he did not sue the individuals and adds that he did not make an access-to-courts claim. Again, the Magistrate Judge properly construed his pleadings liberally and Plaintiff's objection to the analysis does not change the result. The objection is **OVERRULED** as moot.

Fourth, Plaintiff objects to the application of Eleventh Amendment sovereign immunity, arguing that it is unconstitutional, egregious, offensive, and an affront to our revolutionary effort to be free from King George III and the archaic power of the sovereign. D.E. 31, pp. 3-4. In this respect, he incorporates by reference his prior briefing. That briefing does not constitute a proper objection. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in prior documents).

The Court rejects Plaintiff's argument. The Eleventh Amendment is, literally, constitutional. And it does apply to the TDCJ and its personnel, sued in their official capacities. D.E. 27, pp. 10-12 (and authorities cited therein). Included in Plaintiff's argument that TDCJ personnel are not immune is a case that explains that such personnel are not immune in their *individual* capacities. The M&R's analysis on Eleventh Amendment sovereign immunity extends only to the TDCJ and the *official* capacity claims against individuals. Therefore, Plaintiff's objection is misplaced. It is **OVERRULED**.

Fifth, Plaintiff objects that the Magistrate Judge erred in construing his complaint as challenging the TDCJ's right to inspect mail. He does not bring such a claim. However, pursuant to the obligation to construe pleadings liberally, the Magistrate Judge was correct to consider the claim. As Plaintiff does not object to that claim's disposition, the objection is **OVERRULED** as moot.

However, part of the fifth—and then the sixth—objections then go on to complain that the Magistrate Judge missed the point of his claim, which is the TDCJ's use of a private company to digitally scan and store inmate correspondence on a server accessible through the internet. D.E. 31, pp. 6-8. Plaintiff argues that this is a case of first impression. For that reason, he objects to the Magistrate Judge's reliance on old caselaw that involves only physical inspection of mail. He asks the Court to address these new off-site, private corporation, technological issues as a threat—not to the TDCJ's inspection of his mail—but to the potential exposure of his mail to others, both corporate actors and those who might benefit from a data leak. This involves two different issues.

**Use of Corporate Actors**.  There is no question that a government's prison functions may be delegated to private actors. *See generally*, *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003).  Plaintiff has not supplied any reason to treat the processing of mail differently from the housing of inmates with respect to delegabilty.  In that sense, the objection is **OVERRULED**.

**Use of Digital Data on a Potentially Hackable System**.  It is a separate question whether the activity, as delegated, is appropriately secure so as to maintain inmate privacy, particularly given the danger of exposing personally identifying information and/or personal financial information to the free world.  The Magistrate Judge relies on authority that permits copying of inmate mail, which is inapposite in its reasoning.  *See Smith v. Long*, No. 3:18-CV-00061, 2018 WL 3831394, at *7 (M.D. Tenn. Aug. 13, 2018) (citing *Gassler v. Wood*, 14 F.3d 406, 409 (8th Cir. 1994)).

Specifically, the *Gassler* opinion speaks about copying inmate mail that may constitute a threat for purposes of maintaining the safety of the prison, and states:

> ***Had the authorities improperly shared appellants' outgoing mail with unauthorized persons—for example, with a newspaper reporter or a prisoner's business rival—the situation might be different***.  Cf. *Trudeau v. Wyrick*, 713 F.2d 1360 (8th Cir.1983) (warden violated lay associate minister's First Amendment rights by intercepting incoming letter addressed to inmate and forwarding the letter to the chancellor of the Diocese of Fort Worth, Texas). But where the correspondence was simply being sent to another law enforcement officer so that he could examine it with the same security objectives in mind as justified examination by the prison authorities, we see no material enlargement of whatever "chill" on prisoner communication already existed by dint of the authorities' uncontroverted right to examine.

*Gassler*, 14 F.3d at 409 (emphasis added).

Evaluating this question requires more information regarding the nature of the systems in place, the number of employees with access to the information, measures in place for safeguarding information, and whether a data breach would constitute a First Amendment violation. The Court declines to hold that, as a matter of law, this scanning and storage system for inmate mail does not constitute a First Amendment violation. The Court **SUSTAINS** the objection and **RETAINS** Plaintiff's claim in this regard.

Seventh, Plaintiff argues that the Magistrate Judge's ex post facto law analysis errs insofar as it fails to find that the change in the mail policy was an atypical and significant hardship that constitutes a greater punishment than he was subjected to at the time of the conduct underlying his conviction. D.E. 31, pp. 8-9. The Magistrate Judge's conclusions that the scanning policy was neither retroactive nor extended his sentence are unchallenged. Plaintiff has not provided any compelling argument that scanning his mail constitutes a more severe punishment than that to which he was subject at the time of the crime. The objection is **OVERRULED**.

Eighth, Plaintiff repeats his argument that the Magistrate Judge misconstrued his claims and that the caselaw does not support the TDCJ scanning and storing his mail on a server connected to the internet. D.E. 31, pp. 8-9. The objection is **OVERRULED** for the same reasons set out above.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's memoranda and recommendations (D.E. 27, 29), as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's memoranda and recommendations to which objections were specifically directed and performing a plain error review as to those portions to which no

objection was made, the Court **SUSTAINS** the second and sixth objections and **OVERRULES** the remaining objections. The Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as **MODIFIED** herein and

- **DISMISSES** without prejudice Plaintiff's claims against the Texas Department of Criminal Justice ("TDCJ") as barred by the Eleventh Amendment;

- **DISMISSES** without prejudice Plaintiff's claims against the McConnell Unit Mailroom Supervisor Ms. Salles, McConnell Unit Unknown Mailroom Staff, Texas Prison Board, the Director of Mail Services Coordinator Panel for TDCJ, and the Executive Director of TDCJ in their official capacities for money damages as barred by the Eleventh Amendment;

- **RETAINS** Plaintiff's First Amendment free speech claim and Fourteenth Amendment procedural due process claim against the Texas Department of Criminal Justice Institutional Division (TCDJ-CID) Executive Director in his official capacity for injunctive relief, including the claims related to digitally scanning and storing inmate mail on servers accessible through the internet;

- **DISMISSES** with prejudice Plaintiff's remaining claims as frivolous and/or for failure to state a claim for relief; and

- **DENIES** Plaintiff's motion for emergency order to secure banking documents (D.E. 5) and motion to reconsider (D.E. 8).

**ORDERED** on May 3, 2024.

*Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE