UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, | ¶ ¶ | |
| Vs. | ¶ | No. 2:23-CV-00269 |
| TDCJ-CID, et. al. | ¶ ¶ | |

United States Courts
Southern District of Texas
FILED
JAN 08 2025
Nathan Ochsner, Clerk of Court

## PLAINTIFF'S PROPOSED CONSENT DECREE

To the Honorable Court:

Comes now Plaintiff and proposes a CONSENT DECREE to the Court and Defendants herein; and, in support of same would show the Court the following:

"Consent Decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms." United States v. Armour & Co., 402 U.S. 673, 681(1971). Consent Decrees that involve the State often raise federalism concerns, (see Horne v. Flores, 557 U.S. 433, 448(2009)); hence, the Supreme Court has held that institutional reform Consent Decrees require a "flexible approach [that] allows Courts to insure that responsibility for discharging the State's obligations is returned promptly to the State and its officials when the circumstances warrant." Id at 450.

Having been involved in and experienced the Texas Prison System throughout the Pre-, Active, and Post-RUIZ Consent Decree Era (1982 - 2012), this Plaintiff has personal knowledge of the obstinance and recalcitrance Texas prison officials have historically exercised against any form of Federal Court Orders and/or Authority aimed at correcting unconstitutional conditions imposed upon Texas Prisoners. Nonetheless — it is Plaintiff's (perhaps unrealistic) hope that in this Era of Chaos in our NATION with its sociopolitical and religious upheaval, Texas will live up to its "Friendship State" motto and Name's meaning ... as well as its asserted "great Honor and Integrity" ... by (for once) foresaking the fabled 'Judge Roy Bean's Law West of the Pecos' and embrace an actual 21st Century level of civilized Constitutional Truism more reflective of Texas Officials' assertion that Texas is a "Christian State in a Christian Nation" (as contrasted to the seeming appearance of reality of its being a Mammonist Fascist Theocracy that places its profits and extremist punishments above Citizens' Natural Rights

-- 1 --

as secured by The People's Constitution).

    Plaintiff herein has and does truly acknowledge that there is a legitimate security reason for prison officials to interdict illegal drugs and other forms of contraband that might be possible to smuggle through the U.S.P.S. Mail into a penal facility — however, the presently enforced digitalized mail policy is both a futile effort to stop the vast bulk of such contraband coming in, and a grossly exaggerated response to that asserted legitimate purpose and violative of the constitutional FIRST, FOURTH and also FOURTEENTH AMENDMENTS' Due Process, Free Speech and Privacy Rights of Prisoners <u>AND FREE CITIZENS as well.</u>

This proposed <u>CONSENT DECREE</u> presents a rational, logical and very reasonable solution to the controversy and a non-exaggerated modification for the Policy along with an equitable resolution of the Plaintiff's grievances. The proposal would allow Defendants to continue to utilize the digital mail practice justifiably as a form of disciplinary measure imposed upon those who violate TDCJ-CID CORRESPONDENCE RULES/Rules against substance abuse inside the penal facility. It is an equitable and just proposal for both Defendants and the Plaintiff.

<u>CONDITIONS OF PROPOSED DECREE</u>

[1] Defendants modify their Digital Mail Policy to comply with three (3) conditions:
 (i) that in the application to Present and Future Prisoners of the TDCJ-CID, as well as any and all Free World Correspondents, all personal U.S.P.S. Mail will be directed and delivered to Prisoners at their Unit of assignment, inclusive of letters, notes, photographs, greeting cards, and postcards, regardless of whether or not the correspondence is scented with perfumes, bearing a lipstick kiss, has artwork thereon;

 (ii) that IF the Mailroom Staff finds some "suspicious" and/or "unidentifiable" substance on any given article of correspondence, Defendants provide in each Mailroom the technological hand-held device used by U.S. Customs/Border Patrol to do an onsite test of the substance to determine what it is;
  ±± the device has a wand that is pressed against the substance and identifies what it contains; if the substance is dry, it need only be swabbed with a q-tip to dampen it to use the device; and these devices are able to identify thousands of compounds; and,

 (iii) that any Prisoner of TDCJ-CID subject to disciplinary measures for violation of any possession, use of, or trafficking (whether by suggling through the mail or any other means) an illegal substance, drug or alcoholic beverage during their confinement in the TDCJ-CID may be placed on digitalized mail ONLY as a disciplinary measure for an indefinite period with an annual review by Classification Committee as to whether or not to end the punishment or continue it for another Year [said punishment, of course, subject to standard Due Process];

[2] That should Defendants choose to continue to utilize the services of Securus Technologies (Securus) for any purpose, it must be required that Securus cease and desist its extortive practice of requiring Free Citizens/Prisoners' Loved Ones to surrender their FOURTH AMENDMENT Privacy Rights in order to utilize Securus venues for exercising their FIRST AMENDMENT Freedom of Speech Rights to have any long-distance communication with a Texas Prisoner (due to the Fact Defendants have given Securus a monopoly on such communications venues);

[3] Defendants arrange for all articles of Prisoners' U.S.P.S. Mail currently held in Securus facilities, whethere it has been processed or not, to be immediately tendered to the Defendants to be delivered to the Prisoner Recepients;

[4] That in light of the Fact Securus Technologies has a known and proveable history of both illegal and unethical business practices, that the Court ORDER some form of oversight of Securus's services and sales to Prisoners held by Defendants, and determine the precise form of relationship between Securus and Defendants as a matter of Law to determine whether or not such should be controlled by the Federal Trade, Commerce and Consumer protection Regulatory Laws; and,

[5] That Defendants shall submit to Plaintiff the sum of $25,000.00 (twenty-five thousand dollars) to reimburse him for his Costs in the litigation of this Action, and to compensate him for the destruction of any and all

of the articles of personal mail that have already been destroyed by Securus under the terms of the Contract had with Defendants in this Action (said articles of Mail being of enormous value to Plaintiff; and, of inestimable value to Future Historic purpose).

## ***** CONCLUSION *****

This propsoed CONSENT DECREE is equitable in that it provides Defendants a rational, logical, and security conscious option to continue the use of digitalized mail in a non-exaggerated and constitutional manner as a disciplinary measure imposed upon any Prisoner possessing, using, trafficking, and/or smuggling any form of illegal substance/drug/alcohol or other contraband while in the custody of Defendants; while protecting the FIRST, FOURTH and FOURTEENTH AMENDMENT Rights of Prisoners and the Free Citizens who communicate with Prisoners using Securus services [which in most cases is the ONLY means of communicating with Texas Prisoners long-distance]. It, also, removes the punative restrictions that have been placed upon almost 150,000 Texas Prisoners who have OBEYED Correspondence Rules & Texas and Federal Laws, and NOT ONCE used, smuggled, possessed or trafficked illegal drugs through the USPS Mail or any other means during their years and/or decades of serving time in the TDCJ-CID.

The proposed Consent Decree, also: (1) provides the means of identifying outside sources of illegal drugs who've mailed/tried to mail such to a prisoner; hence, allows the Defendants to work with outside law Enforcement to remove that Source from the public domaine; (2) identifies and removes a drug trafficker fro the General Population prison housing; and,(3) provides a means by which each TDCJ-CID Unit's Mailroom will be provided an affordable modestly priced piece of technology with which they may promptly and speedily test any and all "unknown" substances that might be perceived to exist on any given article of incoming mail to a Prisoner.

The proposed Consent Decree, most importantly, provides for the protection of the Free Citizens' FIRST, FOURTH and FOURTEENTH AMENDMENTS Rights to Freedom of Speech, Privacy and Due Process when communicating with Prisoners in the TDCJ-CID. This Plaintiff would assert boldly that the Court, above protecting Plaintiff's

and/or other Prisoners' limited (but precious) Rights under the U.S. Constitution, has a greater duty to protect the Constitution itself and <u>the Rights of the Free Citizens</u> who may communicate with Prisoners in the TDCJ-CID. Harvesting those <u>FREE CITIZENS's</u> Personal Information by Securus under contract with the Defendants is not simply excessive, it is eggregiously offensive to Ethics and Constitutional Rights to Privacy. NO Court sworn to uphold the U.S. Constitution should EVER tolerate such trespass.

Respectfully submitted to the Court and Defendants this the 8th day of January 2025.

JAMES LOGAN DIEZ (Pro Se)
2399291 McConnell
3001 S. Emily Dr.
BEEVILLE, TX 78102

+ + + + +  S E R V I C E  + + + + +

I, James Logan Diez, do hereby certify that a true and correct duplicate hereof has been served to Defendants' Attorney of Record Lady Shana Sobel, at the Texas Attorney General's P.O. Box in Austin, TX, this the 8th day of January 2025, by placing same in the Prison Mailbox located at the Control Desk of 7-Bldg of the McConnell Unit.

JAMES LOGAN DIEZ

— 5 —